IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM JOSEPH RETTSTATT                                                                PLAINTIFF

       v.                        Civil No. 4:08-cv-04034

ALVIN HOWARD, Transport Officer,
Miller County Correctional Center;
OFFICER DOLLY SIMMONS, Correctional
Officer, Miller County Correctional Center;
OFFICER WRIGHT, Jailer, Miller County
Correctional Center; WARDEN JANICE
NICHOLSEN, Miller County Correctional
Center; and SGT. MARSHAL WILLIAMS,
Miller County Correctional Center                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, William Joseph Rettstatt, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Defendants filed a motion for summary judgment (Doc. 26).  On May 11, 2009, I entered an order (Doc. 31) directing Plaintiff to complete, sign and return an attached questionnaire that would serve as his response to the summary judgment motion.

The Plaintiff's response to the questionnaire was to be returned by June 9, 2009.  To date, the Plaintiff has failed to respond to the questionnaire.  The court's order and attached questionnaire have not been returned as undeliverable.  The order was mailed to the same address as the court's prior orders.  Plaintiff has not informed the court of any change in his address.

I therefore recommend Plaintiff's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court.  *See* Fed. R. Civ. P. 41(b).  **The parties**

**have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      Dated this 22nd day of July 2009.

                                          /s/ Barry A. Bryant  
                                          HON. BARRY A. BRYANT  
                                          UNITED STATES MAGISTRATE JUDGE